FILED

OCT 1 - 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GILBERT JIMENEZ & <br> LYVINNA ONG LIM <br>     Plaintiffs <br> v. <br><br> PALISADES COLLECTION, LLC, & <br> WOLPOFF & ABRAMSON, LLP <br>     Defendants | § § § § § § § § | Case No.: **A07CA 825LY** <br><br> COMPLAINT AND JURY DEMAND |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs GILBERT JIMENEZ ("JIMENEZ") and LYVINNA ONG LIM ("Lim") (collectively "Plaintiffs") bring this complaint against Defendants PALISADES COLLECTION, LLC ("Palisades") and WOLPOFF & ABRAMSON, LLP ("Wolpoff") (collectively "Plaintiffs") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), the Texas debt collection act, Ch. 392 Tex. Fin. C., and for other violations.

### A.   JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiffs' state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2. Venue in this District because all or a substantial part of the events or omissions giving

1

rise to Plaintiffs' claims occurred in Williamson County and Travis County, Texas.

3.     Plaintiffs are individuals who resides at 607 Timbergrove Ct. Cedar Park TX 78613-4222, Williamson County.

4.     Defendant Wolpoff & Abramson, LLP is a limited liability partnership organized under the laws of the District of Columbia, and whose principal address is 702 King Farm Boulevard, Rockville, MD 20850. Defendant Wolpoff & Abramson, LLP may be served by and through its registered agent, C T Corporation System, 350 North St. Paul St., Dallas, TX 75201.

5.     The Court has jurisdiction over Defendant Wolpoff, a nonresident. Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiffs in Texas in a manner that violated the F.D.C.P.A. and that constituted a tort, and said actions form the basis of this suit.

6.     Defendant PALISADES COLLECTION, LLC is a limited liability company organized under the laws of New Jersey, and whose principal address is 210 Sylvan Ave., Englewood Cliffs, NJ 07632. Defendant PALISADES COLLECTION, LLC may be served by and through its registered agent, CORPORATION SERVICE COMPANY dba CSC - LAWYERS INCORPORATING SERVICE COMPANY, 1 Commodore Plaza, 800 Brazos Ste 330, Austin, TX 78701.

7.     All conditions precedent necessary to maintain this action have been performed or have occurred.

### B.   STATEMENT OF FACTS

8.   On or about October 4, 2006 Defendant Palisades served Plaintiff Jiminez an Original Petition, Cause No. <u>06-1231-CC4</u>, <u>Palisades Collection L.I.C, Assignee of AT & T v. Gilbert Jimenez</u>, In the County Court at Law Number 4, Williamston County, TX ("the underlying action"). Palisades sought to collect a debt that it alleged Jimenez owed to AT & T. Palisades claimed it was the assignee of the debt. Palisades was represented by the law firm of Wolpoff & Abramson. Palisade's communications with Plaintiffs were by and through Wolpoff, its actual or apparent agent. Therefore, where this complaint makes a claim against Palisades, that claim applies equally to Wolpoff unless otherwise indicated.

9.   In the Original Petition in the underlying action, Palisades made representations as to the amount of the debt that was subject to more than one interpretation. The affidavit signed April 25, 2006 and attached to the lawsuit swore that "a total balance due of $1,408.64 is due and payable." The affidavit makes no mention of accumulating interest. In fact, the affidavit could not be clearer as to the "total amount due." However, the Original Petition filed July 10, 2006 stated that "Defendant further owes prejudgment interest" over and above what the affidavit stated was due. Thus, the amount actually claimed to be due is subject to more than one interpretation.

10.   On or about December 13, 2006 Jimenez, through his counsel, filed an Original Answer asserting a statute of limitations defense. On that date Jimenez also filed a counterclaim seeking declaratory relief that the debt was outside of the statute of limitation. Jimenez did not file a counterclaim for violations of the Fair Debt Collection Practices Act. The parties entered into an agreed Take Nothing Judgment that was signed on May 14, 2007 by the state court judge.

11. In its Original Petition, Palisades represented that it sent Jimenez demand for payment of the debt prior to filing suit, that Jimenez refused payment, and that Palisades was entitled to attorney's fees for breach of contract. As a precondition to being allow recovery of attorney's fees for breach of contract, Tex. Civ. Pract. Rem. C. § 38.02 requires a party bringing the claim to make a demand for payment 30 days prior to filing suit. In response to document production requests in the underlying action, Palisades stated that it could locate no documents indicating that it had sent Jimenez a presuit demand. Thus, according to Palisades's own responses to discovery in the underlying action, Palisades made a false representation to in its Original Petition, that is, that it made a presuit demand. Further, since Palisades admits it did not send Jimenez a written presuit demand, the Original Petition itself would be Palisades initial communication with Jimenez. Palisades did not provide Jimenez with notice within five days of its service of the Original Petition that Jimenez had a right to dispute the validity of the underlying debt.

12. Plaintiff Lim is the step-daughter of Plaintiff Jimenez. She has power of attorney over her step-father, and handles much of his finances. Defendant Palisades contacted Lim regarding the alleged debt. Counsel for Mr. Jimenez in the underlying action, Ahmad Keshavarz, represented both Mr. Jimenez and his step-daughter Ms. Lim. Ms. Lim made Palisades aware of this dual representation. Despite actual knowledge that Plaintiffs were represented by counsel, Palisades made end runs around counsel and contacted Plaintiffs directly.

13. Palisades began making direct withdrawal from a credit union account in which both Plaintiffs had funds. Plaintiff Lim demanded that Palisades stop taking withdrawals and unequivocally stated that Palisades had no authority to continue to make or attempt to make such

withdrawals. Despite this, Palisades willfully continued to make attempted withdrawals from the account, causing Plaintiffs to incur repeated bank fees. Palisades collection attempts also constituted communications to Plaintiffs through their credit union when Palisades was on notice that Plaintiffs were represented by counsel.

14. Palisades continued to send written correspondence to Plaintiffs even when on actual notice that they were represented by counsel. Further, Palisades correspondence stated that Jimenez was indebted to Palisades for approximately $2,100.00, even though the affidavit Palisades attached to its Original Petition swore that "the total balance due" was just $1,408.64.

### B. COUNT # 1: Violations of the federal Fair Debt Collection Practices Act

15. Plaintiffs bring these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

16. Plaintiff Jimenez is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Plaintiff Jimenez and Plaintiff Lim are each "any person" who may bring suit pursuant to 15 U.S.C. 1692k(a).

18. Defendants Palisades and Wolpoff are each a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

19. The obligation alleged by Wolpoff and by Palisades in the underlying action was a "debt"

as defined by 15 U.S.C. § 1692a(5).

20. The above statement of facts is incorporated by reference and demonstrates that DEFENDANTS violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation, Defendants has violated these provisions by misrepresenting the character, status, and amount of the debt; threatening to take an act and actually taking an act prohibited by law; and contacting a consumer that it knows or has reason to know is represented by an attorney; failing to provide Jimenez the validation notice required by 15 U.S.C. 1692g within five days of its initial communication; and communicating with third-parties regarding an alleged consumer debt.

### C. COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

21. Plaintiffs incorporate the above statement of facts by reference.

22. Plaintiff Jimenez is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by Tex. Fin. C. § 392.001(1).

23. Plaintiff Jimenez and Plaintiff Lim are each "a person" under Tex. Fin. C. § 392.403 who is entitled to bring suit for violations of the Texas debt collection act.

24. Defendants are each a "third-party debt collector" as that term is defined in Tex. Fin. C. § 392.001(7).

25. The obligation alleged by Defendants in the underlying action is a "consumer debt" as

that term is defined in Tex. Fin. C. § 392.001(2).

26. Defendants violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation Defendants violated these provisions by misrepresenting the character, status, and amount of the debt; threatening to take an act and actually taking an act prohibited by law; and using false representations or deceptive means to collect a debt.

27. A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of $100.00 *per violation*, and mandatory attorney's fees and cost, and these are so sought. Plaintiffs also seek a permanent injunction to prohibit Defendants from again violating the debt collection statutes.

### D.  COUNT # 3: Tort of unfair debt collection.

28. The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual and punitive damages. Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954). Exemplary and punitive damages may be recovered for this tort, and are so sought.

### E.  COUNT # 4: Equitable relief sought under the D.T.P.A.

29. Plaintiffs seek equitable relief under the D.T.P.A., which do not require presuit notice. Presuit D.T.P.A. notice is only "a prerequisite to filing a suit *seeking damages* under" Tex. Bus. Com. C. § 17.50(b)(1). Tex. Fin. C. § 17.505. Plaintiffs do not seek such recovery at this time. Rather, at this time, Plaintiffs limit their requested D.T.P.A. relief to that authorized under Tex. Bus. Com. C. § 17.50(b)(2) (injunctive relief), § 17.50 (b)(3) ("orders necessary to restore to any party to the suit any money or property, real or personal, which may have been acquired in

violation of" the D.T.P.A., § 17.50 (b)(4) ("any other relief which the court deems proper, including the appointment of a receiver or the revocation of a license or certificate authorizing a person to engage in business in this state..."), and other equitable relief. Other equitable relief sought includes, without limitation, profit disgorgement and fee forfeiture. Plaintiffs seek a permanent injunction barring Defendants from again taking actions that form the basis of this suit. Plaintiffs need not show actual damages in order to obtain said equitable relief. Kinzbach Tool Co. v. Corbett-Wallace Corp., 160 S.W.2d 509, 514 (Tex. 1942); Watson v. Limited Partners of WCKT, Ltd., 570 S.W.2d 179, 182 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); Russell v. Truitt, 554 S.W.2d 948, 952 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.); see also Restatement (Second) of Agency § 399 (1958) (listing remedies).

30. Defendants violated Texas Deceptive Trade Practices Act. Defendant committed "false, misleading, or deceptive acts or practices" within the meaning of Tex. Bus. & Com. Code §17.46(a). Scienter is not a prerequisite for D.T.P.A. liability, although knowledge here is clear.

31. Defendants' actions also constitute an "unconscionable action or course of action" which, to Plaintiffs' detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree in violation of Tex. Bus. & Com. Code §17.50(a)(3).

32. This petition serves as written notice of Plaintiffs' intention to amend this petition within 60 days from receipt to add claims for economic damages. Without limiting their ability to argue for a different method of calculating economic damages at trial, at this time Plaintiffs calculate their economic damages as the bank fees incurred and withdrawals made by Defendants after they were put on notice that the withdrawals were not authorized. At this time that amount is

estimated at $1,000.00. Attorney's fees are estimated at $3,000.00.

33.     Defendant is entitled to recover reasonable and necessary attorney fees and costs under Tex. Bus. & Com. Code §17.50(d).  See Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 819 (Tex. 1997). The purpose for establishing mandatory attorney's fees is to protect the ordinary consumer from false, misleading or deceptive trade practices by well-funded defendants. As such, a prevailing consumer must be awarded attorney's fees even if his claim is entirely offset by the claims of the opposing party. McKinley v. Drozd, 685 S.W.2d 7 (Tex. 1985). Moreover, attorney's fees are both mandatory and reasonable even if the fees greatly exceed the actual damages awarded to the consumer. Jack Roach Ford v. De Urdanavia, 659 S.W.2d 725 (Tex. App.—Houston [14th Dist.] 1983, no writ) ($20,000.00 in attorney's fees approved on a recovery of $500.00 in actual damages); Tate v. Wiggins, 583 S.W.2d 640 (Tex. Civ. App.--Waco 1979, no writ) ($14,500.00 in fees approved on a recovery of $1,000.00 in actual damages to one of the Plaintiff and $1,400.00 to the other); Seabury Homes, Inc. v. Burleson, 688 S.W.2d 712 (Tex. App.--Fort Worth 1985, no writ) ($15,000.00 in fees approved on a recovery of $2,000.00 in actual damages); IFG Leasing Co. v. Ellis, 748 S.W.2d 564 (Tex. App.--Houston[14th Dist.] 1988, no writ) (an award of attorney's fees upheld even though the consumer only was awarded a certificate of title and no monetary damages).

**F.     COUNT # 4 Declaratory and injunctive relief**

34.     Plaintiffs incorporate the above statement of facts by reference.

35.     Plaintiffs seek declaratory relief that Defendants committed the above violations and an injunction to prevent Defendants from again engaging in the conduct giving rise to these claims.

C.P.R.C. § 37.004(a). JIMENEZ seeks attorney's fees and costs. C.P.R.C. § 37.009; Butnaru v. Ford Motor Co., 84 S.W.3d 198, 210 (Tex. 2002) (injunction issued under principles of equity).

### G. ATTORNEY'S FEES

36. Plaintiffs seek attorney's fees and costs.

### H. JURY DEMAND

37. Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

### I. PRAYER

38. For these reasons, Plaintiffs asks for judgment against Defendants for the following:

   i. The above referenced relief requested;

   ii. Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.) $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act).);

   iii. Actual and economic damages within the jurisdictional limits of the court;

   iv. Attorney's fees;

   v. Costs of court;

   vi. Exemplary and punitive damages;

   vii. Prejudgment and post-judgment interest as allowed by law;

   viii. Costs of suit;

   ix. General relief;

   x. An injunction preventing Defendants from engaging in similar unlawful conduct now and in the future;

xi. All other relief, in law and in equity, both special and general, to which Plaintiffs may be justly entitled.

Respectfully submitted,

Ahmad Keshavarz
Attorney for Plaintiffs

State of Texas Bar Number: 24012957

The Law Office of Ahmad Keshavarz
16 Court St., Suite 2600
Brooklyn, NY 11241-1026
Phone: (512) 494-9797
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com